In the Matter of the Application of ALICE G. VANDERBILT, under Sections 67 to 71, Inclusive, of the Real Property Law, for an Order Authorizing the Sale of Certain Real Property of Which She Is the Life Tenant.

Supreme Court, New York County, February 10, 1930.

*Stoddard & Mark* [*Yorke Allen* of counsel], for the petitioner.

*Anderson, Gasser, Ferris & Anderson* [*Roy C. Gasser* and *William H. Hayes* of counsel], for the respondents.

*Taylor, Blanc, Capron & Marsh* [*George S. Mittendorf, John Stuart Dudley* and *Milton R. Friedman* of counsel], for the depositary.

LEVY, J. This is an application by a real estate broker for leave to intervene in a proceeding under sections 67 to 71, inclusive, of the Real Property Law,* and for an order directing the payment to it of the commission which it claims it earned in bringing about the sale of the property involved. A number of objections are urged, any one of which would seem to be sufficient to require a denial of the motion.

In the first place, brokers appear to be neither necessary nor proper parties to statutory proceedings of this character. The adjudication of brokers' claims to commissions, it strikes me, is entirely foreign to the purpose and scope of the proceeding. It is true that a petitioner seeking leave to sell real property may be reimbursed, in a proper case, for the expense incurred in retaining a broker (*Matter of Roosevelt*, 131 Misc. 800, 805), but this does not necessarily authorize the intervention of the broker as a party to the proceeding and the litigation therein of his claim to a commission.

In the second place, the statutory proceeding has already terminated in a final order. To reopen it might involve grave consequences to the validity of the title and the outcome of the entire proceeding, since it may well be that the referee and the court would not have approved the sale if the seller was to pay a substantial brokerage commission of $66,600, thus reducing the net proceeds by that amount. Furthermore, the petitioner's delay of more than three years in asserting its rights does not appear to improve the situation. Then, too, one of the infants who was represented by the special guardian has since become of age and, although a necessary party to this motion, has not been served with the moving papers.

Apart, however, from these somewhat technical considerations,

* Sections 67–70 were amended by Laws of 1920, chapter 639; section 71 by the Laws of 1918, chapter 578.— [REP.

there is the more vital one that the decision of Mr. Justice TOWNLEY in the action brought by this petitioner, as party plaintiff, constitutes an adjudication that the latter has no valid claim to commissions against the life tenant, and it is difficult to comprehend on what theory the petitioner can have any better rights as against the remaindermen, whose participation in the negotiation for the sale and whose benefit therefrom were certainly no greater than those of the life tenant.

It seems quite unfortunate, if the petitioner's claim be true, that one should have labored and produced a satisfactory result and yet be compelled to go unrewarded. If a man has a right, he must have a means to vindicate and maintain it, and a remedy if he is injured in the exercise and enjoyment of it. It is a considerable time since we have learned of the elementary maxim "*Ubi jus ibi remedium*," but as the remedy invoked here does not appear to be the proper one, the motion must be denied.